IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **DEMETRIUS THOMAS;** § <br> **RODRICK CHAMBERS; and** § <br> **PAUL THOMAS** § <br> § <br>     **PLAINTIFFS,** § <br> § <br> VS. § <br> § <br> **DOUBLE K LOGGING, LLC;** § <br> **GARY SCOTT KIMBREL; and** § <br> **JOHNNY KYNARD** § <br> § <br>     **DEFENDANTS.** § | **CIVIL ACTION NO.: CV-2010-282** |

## REPORT OF PARTIES' PLANNING MEETING

Pursuant to Fed. R. Civ. P. 26(f) a telephone conference was held on **August 12, 2010** by:

David A. Hughes for plaintiffs; and

John W. Ryan for the defendants.

The Parties do not request a conference with the Court before entering of the scheduling order.

1. Synopsis of the case:

    a. Plaintiffs' Position

Plaintiffs are current or former employees of Defendants who claim that they are entitled to overtime pay for all hours worked over 40 each workweek of their employment during the relevant time period, pursuant to the Fair Labor Standards Act ("FLSA"). Plaintiffs claim that Defendants acted willfully in failing to pay them overtime. Specifically, Plaintiffs claim that they were all paid on a daily rate

in a manner prohibited by the FLSA as which does not properly compensate them for overtime hours worked. Additionally, Plaintiff, Demetrius Thomas, claims that Defendants constructively discharged him in retaliation for his complaining about the aforementioned overtime violations and that this retaliation constitutes an independent FLSA violation.

        b.    Defendants' Position

Defendants deny that Plaintiffs are owed overtime pay. Defendants contend that they are exempted from the overtime requirements of the FLSA pursuant to the exemptions contained within the FLSA. Defendants deny that they acted willfully with respect to any alleged misclassification or underpayment of Plaintiffs, and affirmatively asserts that it acted in good faith in this matter. Defendants deny that they wrongfully retaliated against Plaintiff, Demetrius Thomas.

    2.    The parties request that this action be tried in Mobile, Alabama.

    3.    <u>Pre-Discovery Disclosures</u>. The parties will exchange the information required by Fed. R. Civ. P. 26(a)(1) within **twenty (20) days** of the filing of this Proposed Scheduling Order.

    4.    <u>Discovery Plan</u>. The parties jointly propose to the court the following discovery plan:

    a.    Discovery will be needed on the following subjects: (a) All Plaintiffs' claims involving the FLSA; (b) Defendants' defenses to Plaintiffs' claims; (c) damages and (d) the facts and allegations of the complaint.

    b.    Discovery shall be commenced in time to be completed by **March 4, 2011**.

    c.    Maximum of 30 interrogatories including sub-parts by each party to any other party. Responses due 30 days after service.

      d.      Maximum of 20 requests for admission by each party to any other party.  Responses due 30 days after service.

      e.      Maximum of 10 depositions by plaintiffs and 10 depositions by defendant.  Each deposition limited to a maximum of 7 hours, unless extended by agreement of the Parties.

      f.      Reports from retained experts under Rule 26(a)(2) are due:

      Plaintiffs by **January 4, 2011**;

      Defendants by **February 4, 2011**.

      g.      Supplementations under Rule 26(e) due 30 days before trial.

5. <u>Other Items</u>.

      a.      The parties do not request a conference with the court before entry of the scheduling order.

      b.      The parties request a pretrial conference in **May of 2011**.

      c.      Plaintiffs shall be allowed until **November 14, 2010** to join additional parties and amend the pleadings.

      d.      Defendants shall be allowed until **December 20, 2011** to join additional parties and amend the pleadings.

      e.      All potentially dispositive motions shall be filed by **April 18, 2011**.

    f. Settlement cannot be evaluated at this time; however, the parties will consider mediation of this case after initial discovery is conducted.

    g. Final lists of witnesses and exhibits under Rule 26(a)(3) should be due from plaintiffs at least 45 days before trial and from defendant at least 30 days before trial.

    h. The parties shall have 5 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

    I. The case should be ready for trial by **August of 2011**.  The trial is expected to take three days.

Respectfully submitted,        Respectfully submitted,


/s/ John W. Ryan, Jr.        /s/ David A. Hughes
Seal, Holmes & Ryan, LLC      David A. Hughes (ASB-3923-U82D)
Attorney for Defendants       Attorney for Plaintiffs
P.O. Box 241           2121 14th Street
Greensboro, AL 36744        Tuscaloosa, Alabama 35401
Telephone: (334) 624-4001      Telephone: (205) 344-6690
Fax: (334) 624-4664         Fax: (205) 344-6188
E-mail: jryan@sealholmesryan.com   E-mail: dhughes@hardinhughes.com